USCA1 Opinion

 

 September 28, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1647 UNITED STATES, Appellee, v. SANTOS RIJOS, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Cyr, Circuit Judge, _____________ Bownes, Senior Circuit Judge, and ____________________ Stahl, Circuit Judge. _____________ ____________________ Benicio Sanchez Rivera, Federal Public Defender, and Miguel A.A. ______________________ ____________ Nogueras-Castro, Assistant Federal Public Defender, on brief for _______________ appellant. Guillermo Gil, United States Attorney, Jose A. Quiles-Espinosa, _____________ ________________________ Senior Litigation Counsel, and Miguel A. Pereira, Assistant United __________________ States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Santos Rijos appeals his sentence on __________ the ground that the district court mistakenly believed that it lacked authority to depart downward from the Sentencing Guidelines. We dismiss for lack of appellate jurisdiction. Rijos pleaded guilty to a one-count indictment charging him with unlawfully reentering the United States after deportation following a felony conviction, in violation of 8 U.S.C. 1326(b)(1). The pre-sentence report (PSR) calculated a total offense level of 21, as follows: the base offense level of 8 was increased by 16 levels because the felony that led to Rijos' deportation was an aggravated felony; three levels were subtracted for Rijos' acceptance of responsibility for his actions and for timely notifying authorities of his intention to plead guilty. The PSR computed a criminal history category of III, resulting in a guideline imprisonment range of 46 to 57 months. The district court sentenced Rijos to 46 months in prison. At the sentencing hearing, Rijos' attorney asked the district court to make a downward departure from the Guidelines sentence pursuant to U.S.S.G. 5K2.0. The two grounds for the requested departure were: 1) economic hardship in the Dominican Republic, the country to which Rijos had been deported, and 2) Rijos' cooperation with the government. The district court denied the request. With respect to the first ground, the district court found as follows: [Rijos] was deported September, 1992, he was back here in November of 1992 by plane not by boat, so apparently his hardship isn't that bad because he came by plane, and of course if he has family in New York I am sure that that was his primary concern, to come and see his family. Of course, he could have waited until his supervised release was over and then requested permission in writing. With respect to the second ground (cooperation with the government), the court responded "that's why I gave him a 3 level reduction." On appeal, Rijos argues that the court erred in refusing to consider appellant's extent of cooperation with the government and his "family ties and responsibilities," since neither feature is a forbidden basis for departure. Rijos states in his brief that "the district court failed to consider the relevant facts and to what extent if any he could exercise his discretion." Therefore, Rijos seeks a remand to the district court for re-sentencing. In deciding whether we have jurisdiction to review this sentencing we apply the following rule: Ordinarily a district court's refusal to exercise its discretion to depart downward from the sentencing guidelines is not reviewable on appeal. Appellate jurisdiction does attach, however, where the sentencing court's decision not to depart is based on the court's mistaken view that it lacks the legal authority to consider a departure. In other words, where the court errs in determining whether the allegedly special circumstances are of the "kind" that the Guidelines, in principle, permit the sentencing court to consider, we may -3- proceed to review the court's sentencing decision not to depart. On the other hand, if "we find that the court properly understood its power to depart, but refused to exercise that power, we lack jurisdiction to consider the appeal." United States v. Romero, No. 93-2187, slip op. at 28-29 (1st ______________ ______ Cir. Aug. 29, 1994) (citations omitted). Here, the district court did not possess a mistaken belief that it lacked the authority to depart from the guidelines. Therefore, we lack jurisdiction to review its departure decision. If the district court erred, it was in believing that it had discretion to depart where there was none, not the reverse. The "special circumstances" for which Rijos requested a downward departure were financial hardship and cooperation with the government. Economic hardship is one of the few "forbidden" features which may not be the basis for a decision to depart from the guideline sentence. See United States v. Rivera, 994 F.2d 942, 949 (1st Cir. ___ _____________ ______ 1993); U.S.S.G. 5K2.12, p.s. Nonetheless, the district court considered Rijos' alleged hardship and concluded that "his hardship isn't that bad." Rijos also sought a downward departure for his cooperation with the government by pleading guilty to the offense. Assistance to the government in the investigation or prosecution of another person who has committed an offense is "encouraged" as a ground for departure. See U.S.S.G. ___ 5K1.1. The voluntary disclosure of an offense prior to its -4- discovery is also an "encouraged" feature. See U.S.S.G. ___ 5K2.16, p.s. Here, however, Rijos requested a downward departure solely on the basis of his acceptance of responsibility at the time of his guilty plea. The Guidelines specifically provide for a three-level reduction in the offense level for such circumstances. See ___ U.S.S.G. 3E1.1. That provision does not preclude the court from departing from the Guidelines, however, "if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate." U.S.S.G. 5K2.0, p.s. There is nothing in the record to support Rijos' contention that the district court misunderstood that it could depart downward based upon a defendant's cooperation with the government in "unusual circumstances," notwithstanding 3E1.1. Rather, we think that the district court concluded that there were no "unusual circumstances" present to render the three-level reduction in the offense level under 3E1.1 inadequate. In his appellate brief, Rijos seems to allege that the district court erred in not considering his "family ties" before denying his departure request. The record does not indicate, however, that family ties was one of the grounds upon which Rijos requested a departure. Therefore, the district court cannot be faulted for failing to consider whether family ties, although a "discouraged" feature, were -5- "present in a manner that is unusual or special rather than 'ordinary.'" Rivera, 994 F.2d at 948. ______ We conclude that the district court did not mistakenly believe that it lacked the authority to depart from the Sentencing Guidelines. Therefore, its departure decision is not reviewable by this court. This appeal is summarily dismissed pursuant to Loc. R. 27.1. -6-